604 P.2d 1158

Lupita LOPEZ, Individually and on behalf of her minor children; Sharon Thrasher, Individually and on behalf of her minor children, and on behalf of all other persons similarly situated, Plaintiffs/Appellants,

v.

William S. JAMIESON, Jr., Director of the Arizona Department of Economic Security, Individually and in his official capacity, Defendant/Appellee.

No. 2 CA–CIV 3204.

Court of Appeals of Arizona, Division 2.

Oct. 29, 1979.

Rehearing Denied Dec. 19, 1979.

Review Denied Jan. 8, 1980.

Southern Arizona Legal Aid, Inc. by William C. Bacon and John G. Ballentine, Tucson, for plaintiffs/appellants.

Robert K. Corbin, Atty. Gen. by C. Eileen Bond, Asst. Atty. Gen., Phoenix, for defendant/appellee.

## OPINION

RICHMOND, Chief Judge.

This is a class action attacking the method used by the Arizona Department of Economic Security to compute the amount of monthly welfare benefits payable to eligible individuals under the Aid to Families with Dependent Children program. Plaintiffs are representative members of the class in that the monthly AFDC benefits they receive for themselves and their children were adversely affected by the Prior Monthly Budget methods uniformly employed by DES. They contend PMB violates the supremacy clause of the United States Constitution because it conflicts with federal regulations in basing monthly benefit payments on income that is no longer "current--ly available" to the recipient, or in providing an unauthorized means of recouping previous overpayments from current assistance grants. We disagree and affirm the summary judgment entered in favor of the director of DES on cross-motions of the parties.

At the times in question[1] PMB operated as follows: AFDC benefits payable in a given month (the "payment" month) were determined on the basis of income received by an eligible family two months earlier (in the "budget" month) and reported in the early part of the intervening month (the "computation" month). The system as set forth in DES regulations required that "[e]very change in income (e. g. in May) will be shown on a budget effective the second month following (effective July)." This allowed DES to compute income received and spent in May as available in July. Though a state in determining the amount of assistance to be given to an eligible recipient is allowed to consider other income and resources of any child or relative who is otherwise eligible to receive AFDC benefits, 42 U.S.C. § 602(a)(7), a federal regulation provided that, in determining need, "income available for current use and currently available resources shall be considered." 45 C.F.R. § 233.20(a)(3)(ii)(D). DES contends it is impossible to attain absolute currentness in budgeting and that the PMB system was the most practical accounting method of complying with the spirit of the regulation.

The other regulation on which plaintiffs rely prohibits recoupment of an overpayment previously made by reducing an ongoing grant unless the recipient has income or resources currently available in the amount of the proposed reduction, except where the overpayment was caused by the recipient's willful withholding of information concerning his income, resources or other circumstances affecting the amount of payment. 45 C.F.R. § 233.20(a)(12)(i)(A).

The question we must resolve is whether the PMB system can be reconciled with those regulations. Plaintiffs' position is based on the decision of the California Court of Appeal in *Garcia v. Swoap*, 63 Cal.App.3d 903, 134 Cal.Rptr. 137 (1976),

---

1. At oral argument counsel informed this court that a new system has since been adopted to conform to revised federal regulations.

holding invalid a similar retrospective budget system as conflicting with the same federal regulations (as well as California's recoupment statute). The United States, however, took the position in an *amicus curiae* brief requested by the Supreme Court on petition for certiorari that the system was fully compatible with then existing federal regulations.[2] A reasonable, consistently applied administrative interpretation by an agency of its own regulations should not be rejected. *Northern Indiana Public Service Co. v. Porter County Chapter of the Izaak Walton League,* 423 U.S. 12, 96 S.Ct. 172, 46 L.Ed.2d 156 (1975). *See also Police Pension Board of City of Phoenix v. Warren,* 97 Ariz. 180, 398 P.2d 892 (1965). The rule seems particularly well suited to a case where the interpreting agency is not a party and the conflicting interpretation was an attempt by the court to achieve the agency's objectives. For that reason we reject the holding in *Garcia.*

Finally, the parties argue the effect of new regulations adopted by the Department of Health, Education and Welfare effective May 4, 1979. Since those regulations did not exist when judgment was entered on November 7, 1978, we do not consider them.

The judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.

**2.** Certiorari was denied May 30, 1978. *Swoap v. Garcia,* 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978).